UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-23221-Civ-COOKE

JOHN EDWARDS SANDERS, JR.,

    Plaintiff
vs.

R.J. REYNOLDS TOBACCO CO.,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS MATTER is before me on Defendant's Motion to Dismiss. (ECF No. 3). I have reviewed the record, the arguments, the relevant legal authorities, and take judicial notice of *Sanders v. R.J. Reynolds Tobacco Co.*, Case No. 09-21070-WMH and *Sanders v. R.J. Reynolds Tobacco Co.*, Case No. 10-22977-WMH. For the reasons explained below, the motion to dismiss is granted.

### DISCUSSION

On April 21, 2009, *pro se* Plaintiff John Sanders, Jr., filed a wrongful death complaint against Defendant R.J Reynolds Tobacco Company, seeking damages based upon Defendant's manufacture and alleged sale of cigarettes to Plaintiff's father, John Sanders Sr., which allegedly led to his father's untimely death. *Sanders v. R.J. Reynolds Tobacco Co.*, Case No. 09-21070-WMH. On May 28, 2009, the Honorable Judge William M. Hoeveler dismissed the action without prejudice pursuant to Plaintiff's motion for voluntary dismissal. *Id.* On July 20, 2010, Plaintiff filed an amended wrongful death complaint against in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. *Sanders v. R.J. Reynolds Tobacco Co.*, Case No. 10-22977-WMH. On August 18, 2010, Defendant removed the action from state court

on the basis of diversity jurisdiction. *Id.* In that case, Plaintiff claimed that he was authorized to bring the wrongful death action on behalf of his father's estate. *Id.* Judge Hoeveler found that Plaintiff lacked standing to bring the cause of action because Plaintiff was not the appointed personal representative of his fathers estate and because Plaintiff was a convicted felon and therefore unqualified to act as the estate's personal representative. *Id.* The case was dismissed the action on March 7, 2011. *Id.* On August 2, 2011, Plaintiff initiated his second state court action against Defendant for wrongful death. Defendant removed the action to this Court on September 6, 2001 and moved to dismiss the complaint on September 13, 2011.

From the outset, Plaintiff has lacked standing to pursue a wrongful death claim against Defendant. "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues. *Primera Iglesia Bautista Hispana of Boca Raton, Inc. v. Broward Cnty.*, 450 F.3d 1295, 1304 (11th Cir. 2006) (quotation marks omitted). To demonstrate standing, a plaintiff must show that "(1) he has suffered, or imminently will suffer, and injury-in-fact; (2) the injury is fairly traceable to [the statute]' and (3) a favorable judgment is likely to redress the injury." *Harrell v. The Fla. Bar*, 608 F.3d 1241, 1247 (11th Cir. 2010). Although Plaintiff's complaint alleges he has suffered financially and emotionally as a result of his father's death, "the personal representative is the only party with standing to bring a wrongful death action to recover damages for the benefit of the decedent's survivors and the estate." *Wagner, Vaughn, McLaughlin & Brennan, P.A. v. Kennedy Law Group*, 64 So. 3d 1187, 1191 (Fla. 2011) (citing Fla. Stat. § 768.20 (2005)). In other words, Plaintiff may not bring an action independent of any legal action filed by the personal representative of the estate. *Id.* (citing *Wiggins v. Estate of Wright*, 850 So. 2d 444, 446 (Fla. 2003)). Even assuming, *arguendo*, Plaintiff was the estate's personal representative, Plaintiff

would still be unqualified to bring this action because he is a convicted felon, currently serving a life sentence. *See* Fla. Stat. § 733.303(1)(a) (a person is not qualified to act as a personal representative if the person has been convicted of a felony). Accordingly, I hereby **ORDER and ADJUDGE** that Defendant's Motion to Dismiss is **GRANTED**. Further, Plaintiff's Motion to Remand is **DENIED** as removal was proper, and Plaintiff's Motion to Appoint Counsel is **DENIED** *as moot*. The Clerk is directed to **CLOSE** this case.

**DONE and ORDERED** in chambers at Miami, Florida this 21st day of October 2011.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of Record*

John Edward Sanders, Jr.
648648
Jackson Correctional Institution
5563 10th Street
Malone, Florida 32445-3144

3